[Civ. No. 10837. First Appellate District, Division Two.—September 26, 1938.]

CITY OF OAKLAND (a Municipal Corporation), Appellant, v. AMERICAN DREDGING COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

Markell C. Baer, Port Attorney, W. Reginald Jones, Assistant Port Attorney, F. B. Fernhoff, City Attorney, and Hilton J. Melby, Assistant City Attorney, for Appellant.

Ira Abraham, Brown & Rosson and Thos. J. Ledwich for Respondent.

NOURSE, P. J.—The respondent moves to dismiss the appeal from a judgment on an order sustaining its demurrer to the second amended complaint. Grounds of the motion are that no substantial question of law is involved, and that the appeal is taken for delay.

The action is one for condemnation of real property of which the city alleges that it is the owner in fee, but that the defendant claims and asserts certain rights and interests therein. The questions arising on the appeal from the judgment are whether a plaintiff in condemnation must allege the nature and legal status of the interest in the land claimed by each defendant. The statement of the question is its own answer to the claim that it is not a debatable one. But the respondent urges in support of its motion that the complaint shows affirmatively that it has no interest in the land. In reply the appellant shows that the respondent erected barriers across the property, posted armed men as guards, and sought to resist the city's entrance and occupancy; that, in the trial court it asserted an interest in the property of over one hundred thousand dollars when it successfully demanded of the trial court that the city be compelled to deposit ten thousand dollars with the clerk of the court as security for damage to its property upon the city's entry under these proceedings; and that there is now pending in the trial court respondent's demand for attorney's fees in the sum of six thousand dollars for the protection of its interest in this litigation. There is sufficient stated here to show that there is no merit in the first ground urged for a dismissal.

The second ground is not supported by the record. The transcript was filed on April 30, 1938, and appellant's brief was filed thirty days later. From the nature of the case it is one in which delay would not be beneficial to appellant.

It is further urged in support of the motion that appellant has failed to comply with section 3 of rule VIII governing the appellate courts, in that the complaint is not printed in its brief. Respondent has failed to note the amendment to section 4 of this rule, effective November 24, 1937, under which we are not permitted to dismiss an appeal on that ground. Here the appeal is taken upon the judgment roll, and the entire clerk's transcript, including the complaint, is printed. There is no reason for reprinting this matter in one of the briefs.

The motion is denied.

Sturtevant, J., and Spence, J., concurred.